Luis PAGAN, Plaintiff-Appellant,

v.

AMERICAN AIRLINES, INC., Defendant-Appellee.

No. 75–1268.

United States Court of Appeals, First Circuit.

Argued Feb. 6, 1976.

Decided May 5, 1976.

---

Antonio Cordova Gonzalez, San Juan, P. R., for plaintiff-appellant.

Francisco Ponsa Flores, San Juan, P. R., with whom Francisco Ponsa Feliu, San Juan, P. R., was on brief for defendant-appellee.

Before MATTHES,** Senior Circuit Judge, McENTEE and CAMPBELL, Circuit Judges.

MATTHES, Senior Circuit Judge.

This is an appeal from an order of the district court denying appellant's Rule 60(b) motion filed more than two months after the court entered a judgment approving a stipulation for settlement.

Unlike most legal actions for money damages, this case is not focused upon the issue of liability or the trial proceedings. The basic question presented by this appeal is whether the settlement of appellant's case constituted an effective and valid termination of the litigation which had been pending approximately four months before the settlement was made.

On September 19, 1972, plaintiff-appellant was falsely accused by employees of American Airlines of stealing money or property belonging to appellee during a flight from San Puan, Puerto Rico to New York City. Acting upon information communicated by the flight captain to the airport in New York, police officers and agents of the Federal Bureau of Investigation boarded the plane when it landed and took appellant into custody. He was released after a thorough search uncovered no stolen money or property. Approximately six months later, on June 20, 1973, appellant filed a complaint in the district court seeking damages for slander, malicious prosecution, and false arrest. Jurisdiction was based on diversity of citizenship and the amount in controversy.

The case was set for trial on September 30, 1974. The United States Magistrate conducted a pretrial conference on September 4 and filed a memorandum which indicates that the parties were attempting to negotiate a settlement. On October 11 Judge Turk filed an order which provided as follows:

The court held a pretrial conference on this case on September 26, 1974 at which time counsel for the parties to this action agreed upon a settlement. In accordance with the oral representations made to the Court by counsel for the parties herein, the Clerk of the Court is directed to

---

** Of the Eighth Circuit, sitting by designation.

strike this case from the docket saving the right of the plaintiff to have the case reinstated within 60 days from this date without additional payment of costs in the event the aforementioned settlement is not consummated.

Four days later, on October 15, 1974, another law firm filed a motion stating that plaintiff had retained new counsel and requesting recognition as counsel of record. Significantly, the motion failed to request that the case be reinstated on the docket. The motion was denied on October 21 by Judge Pesquera because appellant's first attorneys had not yet withdrawn. On October 23, 1974, appellant's original attorneys filed a document styled "Resignation of Attorneys for Plaintiff" in which they requested a lien upon any judgment or award by settlement to secure the payment of fifteen hundred dollars as attorneys' fees. Judge Pesquera denied permission to withdraw because it did not appear that appellant had been served with a copy of the resignation.

On November 21, 1974, appellant's first retained counsel filed an informative motion stating that on October 23 appellant had requested his attorneys to withdraw because he was not satisfied with the manner in which his case was being handled. The motion stated further that appellant had requested and received his file and that a copy of the withdrawal motion had been sent to appellant and his newly retained counsel.

On December 9, 1974, Judge Pesquera filed an order approving the substitution of counsel. In the same order the court directed appellee to deposit with the court the full amount due appellant under the settlement and scheduled a hearing for December 18 to consider the resigning attorneys' request for fees.

On January 13, 1975, appellee deposited with the court a check for $4,500. A copy of the notice of the filing of the settlement check was sent to appellant.

On February 13, 1975, Judge Pesquera filed an order stating that on December 18, 1974, a hearing was held upon the motion of appellant's first attorneys for an award of fees. In that order the court noted that appellant and all attorneys, including appellant's newly retained counsel, had been notified that the matter would be heard on December 18, 1974, but that neither plaintiff nor his new attorney had appeared. The crucial portion of the February 13, 1975 order reads as follows: "After hearing counsel for plaintiff explain the circumstances herein related, the Court considers that approval of the settlement arrived at on October 11, 1974 has now been confirmed since plaintiff in spite of the time that has elapsed, and in spite of having legal representation, has not moved to reinstate the case as provided in Judge Turk's order of October 11, 1974." The court then allowed the original attorneys the sum of fifteen hundred dollars in full payment of their fees and expenses.

It was not until April 22, 1974 that appellant filed a motion under Fed.R.Civ.P. 60(b), requesting the court to set aside all previous orders relating to the settlement and to reinstate the case on the court's calendar.[1]

The record shows that appellant attempted to rely on Rule 60(b)(1) for relief. The gist of the motion is that counsel was excused from requesting reinstatement of the case on the trial calendar because the court did not enter a formal order permitting counsel to enter an appearance until December 9, 1974, two days before the expiration of the sixty day period.

 Initially, we recognize that an order denying a motion under Rule 60(b) is final and appealable. But an appeal from denial of a Rule 60(b) motion raises for review only the order of denial itself and

---

1. Rule 60(b) provides in pertinent part that on motion the court may relieve a party from a final judgment, order, or proceeding for (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied or (6) any other reason justifying relief from the operation of the judgment.

 

not the underlying judgment. *See Hines v. Seaboard Air Line R. R.,* 341 F.2d 229, 231–32 (2d Cir. 1965); *Wagner v. United States,* 316 F.2d 871 (2d Cir. 1963); *Geigel v. Sea Land Service, Inc.,* 44 F.R.D. 1 (D.P. R.1968); Wright & Miller, Federal Practice & Procedure: Civil § 2871, at 258–59; 7 Moore's Federal Practice ¶ 60.30[1], at 417. As a corollary, Rule 60(b) cannot be used as a substitute for an appeal. *See Horace v. St. Louis-Southwestern R. R.,* 489 F.2d 632, 633 (8th Cir. 1974); *Wojton v. Marks,* 344 F.2d 222, 225 (7th Cir. 1965); *Wagner v. United States, supra; cf. Ackermann v. United States,* 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950).

■ The principle that a motion to set aside a judgment is addressed to the sound discretion of the trial court and will not be overturned absent an abuse of discretion is firmly established. *See Chief Freight Lines Co. v. Local Union No. 886,* 514 F.2d 572, 577 (10th Cir. 1975); *Hale v. Ralston Purina Co.,* 432 F.2d 156, 159 (8th Cir. 1970); *Hand v. United States,* 441 F.2d 529, 531 (5th Cir. 1971); *Abel v. Tinsley,* 338 F.2d 514 (10th Cir. 1964); *cf. Greenspun v. Bogan,* 492 F.2d 375, 382 (1st Cir. 1974); Wright & Miller, Federal Practice & Procedure: Civil § 2872, at 261.

The sequence of events proves conclusively that both appellant and his newly retained counsel had been apprised of the terms of Judge Turk's order conditionally approving the settlement well within the sixty day period allowed for a motion to reinstate the case on the trial calendar. Nonetheless, no action was taken by appellant personally or in his behalf until the filing of the Rule 60(b) motion on April 22, 1975, more than four months after the expiration of the sixty day period provided for in Judge Turk's order and two months after Judge Pesquera's February 13 order giving final approval to the settlement. Although beyond the sixty days, Judge Pesquera's order suggests that he would have considered even at that late date a request to have the case reinstated. Appellant did not appeal from that order within thirty days as provided in Fed.R.App.P. 4 and now attempts to use his Rule 60(b) motion as a substitute.

■ We cannot say, under all the circumstances, that the district court abused its discretion in denying the Rule 60(b) motion. Any loss of rights stems solely from the cumulative effect of appellant's own neglect and that of his newly retained attorney.

For the foregoing reasons, the judgment of the district court denying appellant's motion for relief under Rule 60(b) is affirmed.