**Karl LUTOMSKI and Mary Lutomski, Plaintiffs-Appellees,**

v.

**PANTHER VALLEY COIN EXCHANGE and Joseph Snisky, Defendants-Appellants.**

No. 80–1364.

United States Court of Appeals, Sixth Circuit.

Argued April 3, 1981.

Decided July 7, 1981.

Kathleen Gallagher Lewis, Detroit, Mich., Williams, Schaefer, Ruby & Williams, P.C., Edward L. Ruby, Bloomfield Hills, Mich., for defendants-appellants.

Edward L. Ruby, David Patton, Bloomfield Hills, Mich., for plaintiffs-appellees.

Before WEICK and MERRITT, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

The issue in this diversity case is whether the district court erred in denying a motion to set aside a default judgment entered against defendants-appellants, Panther Valley Coin Exchange and Joseph Sinsky. We hold that because the requirements of *Fed. R.Civ.P.* 55(b)(2) were not observed, the judgment must be set aside in part and the case remanded for further proceedings.

Plaintiffs, Karl and Mary Lutomski, filed suit against defendants for fraud and breach of contract for defendants' failure to send plaintiffs fifty gold coins purchased by mail. Defendants sent them just twenty coins, and those twenty proved to be counterfeit. The dates pertinent to entry of the default judgment are these:

April 12, 1979—defendant served

May 11, 1979—defendants contacted plaintiffs, who granted them extension until May 16

May 16, 1979—defendants again contacted plaintiffs, asking for further extension; plaintiffs granted them no more than one day

May 18, 1979—default entered by clerk; defendants advised by telephone

May 25, 1979—notice of application for judgment filed

June 4, 1979—hearing on default judgment

June 6, 1979—default judgment entered for $57,071.80

Precisely what transpired in the conversations on May 11, 16, and 18 is disputed, but the fact of their occurrence is not. Though defendants were notified of the entry of default, they were not notified about the June 4 hearing, which consisted primarily of testimony by Mary Lutomski on the issue of damages. There apparently was no further contact between plaintiffs and defendants between May 18 and mid-November, when plaintiffs attempted to levy on assets located in Pennsylvania. Defendants requested a stay of execution, and in January 1980, six months after entry of judgment, they filed a motion to set aside. It was denied April 1, 1980 after a hearing on the motion. The district court made no factual determination on what transpired in the May telephone contacts.

In their appeal of the denial of their motion to set aside the judgment, defendants argue that they "appeared" in the case for purposes of *Fed.R.Civ.P.* 55(b)(2) and thus were entitled to written notice three days prior to entry of judgment. The rule provides, "If the party against whom judgment by default is sought has appeared in the action, he . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." Though a failure to provide notice does not in itself render a judgment void, it is a "serious procedural irregularity." 6 Moore's *Federal Practice* ¶ 55.-05[3]. The district court denied the motion to set aside because there had been no formal appearance.

Though it is true that defendants made no formal appearance and filed no papers, courts now look beyond the presence or absence of such formal actions to examine other evidence of active representation. Several cases have held that informal contacts between parties may constitute an appearance. The contacts must "indicate the defaulting party intends to defend the suit." 6 Moore's ¶ 55.05[3]. In *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689 (D.C.Cir.1970), the leading case in the field, the court reversed a denial of a motion to vacate a default judgment. The parties in the case had engaged in oral and written settlement discussions for 75 days after service of the complaint. Without indicating any intention to do so, the plaintiff filed a motion for default judgment. In reversing, the D.C. Circuit noted that the settlement negotiations demonstrated a clear intent on the part of the defendant to defend the suit, and that there was no indication that it would not have proceeded diligently had the plaintiff given notice that it was no longer interested in settlement talks it had itself initiated.

In this case as well, defendants provided sufficient evidence of their intent to respond to plaintiffs' claims to entitle them to the notice mandated by rule 55(b)(2). Though they have conceded liability, they argue—and assert that they so informed plaintiffs in May 1979—that the damages sought and awarded are excessive. They present strong arguments that those damages *are* excessive, whether measured by tort or contract principles.

Accordingly, the judgment is reversed insofar as it denies defendants the opportunity to reopen the question of damages, and the case is remanded for a hearing on that issue.