Henry C. TAYLOR, Plaintiff, Appellee,

v.

BOSTON AND TAUNTON TRANSPOR-
TATION CO., Defendant, Appellant.

No. 83–1406.

United States Court of Appeals,
First Circuit.

Argued Oct. 3, 1983.

Decided Nov. 10, 1983.

Bernard P. Rome, Boston, Mass., with whom Thomas L. McLaughlin, and Wasserman, Salter & Rome, Boston, Mass., were on brief, for defendant, appellant.

James S. Robbins, Boston, Mass., with whom Horovitz, Gordon & Robbins, Boston, Mass., was on brief, for plaintiff, appellee.

Before CAMPBELL, Chief Judge, GIBSON * and TIMBERS **, Senior Circuit Judges.

LEVIN H. CAMPBELL, Chief Judge.

This is an appeal from an order of the district court denying defendant Boston and Taunton Transportation Company's ("B & T") motion to vacate a default judgment under Fed.R.Civ.P. 60(b).

I. BACKGROUND

The relevant facts are not disputed. On August 7, 1979, Henry Taylor, the plaintiff-appellee, brought suit against B & T in federal district court for wrongful discharge from employment. Taylor served B

---

* Of the Eighth Circuit, sitting by designation.  ** Of the Second Circuit, sitting by designation.

& T's president, Albert Sagansky, on February 25, 1980. On May 28, 1980, Sagansky received a notice of default from the court for failure to plead or otherwise defend. Sagansky forwarded the notice of default to Robert Tully, the attorney that B & T had retained to represent it in this matter. Thereafter, B & T asked Tully, in a letter, for assurance that the default had been cured. In a later conversation, Tully assured Sagansky that an answer had been filed, and that he had moved to dismiss the complaint; in fact, no answer had been filed or motion made. On December 17, 1980, Tully advised Sagansky that a hearing scheduled for December 19 had been postponed and he opined that the case would be dismissed.

On October 26, 1981, B & T was served with a new summons and an amended complaint which brought Teamsters Local 25 into the action as a party defendant. Sagansky forwarded the summons and amended complaint to Tully and asked that he be informed when an answer had been filed. On December 1, 1981, Sagansky received a second notice of default, again for failure to plead or otherwise defend. He telephoned Tully and asked for an explanation. Tully expressed surprise at the notice of default and assured Sagansky that an answer had been filed, even though he had not actually filed one. Following the telephone conversation, Sagansky wrote Tully, requesting a copy of the answer. Tully failed to respond to Sagansky's letter; nevertheless, Sagansky took no further action and on March 26, 1983 he received a copy of the final judgment from Taylor's attorney.

## II. APPELLANT'S ARGUMENTS

B & T advances three reasons why the district court should have granted its motion to vacate the default judgment. First, B & T argues that the facts show that the default judgment was entered solely because of its counsel's gross negligence. B & T urges that when entry of a default judgment is due to counsel misconduct and the client is without fault, then a court commits reversible error by failing to grant a motion to vacate the default judgment.

Second, B & T argues that it made an appearance in the action and thus should have been served a written notice of the application for judgment pursuant to Fed. R.Civ.P. 55(b)(2). It appears from the docket sheet that on December 17, 1980, Tully informed the court that B & T would file an answer and a motion to remove the default within two weeks. Though neither the motion nor the answer followed, B & T argues that Tully's act of informing the court of his intentions was sufficient to constitute an appearance for purposes of Rule 55.

Lastly, B & T argues that its motion should have been granted because it has substantial meritorious defenses that deserve to be heard.

We reject B & T's arguments and affirm the order of the district court.

■ It is well settled that motions to set aside default judgments are left to the sound discretion of the district court and that appellate courts will not reverse the district court's decision unless clearly wrong. *American Metals Service Export Co. v. Ahrens Aircraft, Inc.,* 666 F.2d 718, 720 (1st Cir.1981); *American & Foreign Insurance Association v. Commercial Insurance Co.,* 575 F.2d 980, 982 n. 3 (1st Cir. 1978); *Pagan v. American Airlines, Inc.,* 534 F.2d 990, 993 (1st Cir.1976).

■ Here there were substantial grounds for the court to reject B & T's characterization of itself as being without fault. As the court pointed out, "[d]efendant admittedly was aware of the lawsuit and admittedly received both notices of default, but its president did nothing other than write obviously inattentive counsel . . . ." B & T had received two notices of default, and had requested its attorney both to notify it when an answer had been filed and to send it a copy of the answer. Tully did not on his own initiative notify B & T that an answer had been filed, and he failed to supply a copy of the answer after Sagansky had requested it. The reasonable course of action for Sagansky to have followed would

have been to make some further inquiry either directly to the court or through a different attorney to ascertain the true status of the case. Instead, despite the fact that Tully had not supplied a copy of the answer as requested, Sagansky and B & T did nothing until after receiving a copy of the final judgment some 16 months later. On these facts the district court could reasonably find that the default was not excusable.

The district court also determined that merely by informing the court that he intended to file a motion and an answer, Tully had not entered an appearance on behalf of B & T. We find no error. "[N]ot every act by a party that is addressed to the court or relates to the litigation will be deemed an appearance." 10 Wright, Miller & Kane *Federal Practice & Procedure* § 2686 (2d ed. 1983). Informing the clerk of the court of a change in address, *Anderson v. Taylorcraft, Inc.,* 197 F.Supp. 872 (W.D.Pa.1961), and requesting a delay in the entry of a default judgment, *Rutland Transit Co. v. Chicago Tunnel Terminal Co.,* 233 F.2d 655 (7th Cir.1956), have been held insufficient to constitute an appearance. The district judge was entitled to conclude that the action of B & T's counsel fell into the same category. Taylor was not required to give B & T notice of its application for judgment pursuant to Fed.R.Civ.P. 55 because B & T had not entered an appearance.

Even if we assume that B & T has a meritorious defense, this alone does not entitle it to relief from a default judgment. In *American & Foreign Insurance Association,* 575 F.2d 980, we held that a party who would have a default judgment set aside must show both that "there is good reason for the default and the existence of a meritorious defense." *Id.* at 983. Even if B & T satisfied the latter requirement, it would not be entitled to relief because it failed to satisfy the former.

*Affirmed.*