Rafael MUNIZ, Jr., Plaintiff, Appellee,

v.

Edgardo R. VIDAL, et al.,
Defendants, Appellants.

No. 84–1014.

United States Court of Appeals,
First Circuit.

Argued June 6, 1984.

Decided Aug. 2, 1984.

---

**6.** See note 4, *supra,* for the text of chapter 187, § 1.

Luis Roberto Rodriguez-Nevarez, Hato Rey, for defendants, appellants.

Jorge M. Suro Ballester, Santurce, for plaintiff, appellee.

Before COFFIN, Circuit Judge, STEWART, Associate Justice (Retired),* and BREYER, Circuit Judge.

BREYER, Circuit Judge.

Plaintiff sued defendants for breach of contract. The defendants did not file any responsive pleading, but their attorney entered into settlement negotiations. The negotiations failed. Subsequently, plaintiff's attorney tried to notify defendants' attorney that he would seek entry of defendants' default; but defendants' attorney did not get the notice. (He had moved his offices.) Plaintiff obtained á default judgment, and defendants appeal.

The second sentence of Fed.R.Civ.P. 55(b)(2) reads as follows:

If the party against whom judgment by default is sought has appeared in the action, he ... shall be served with written notice of the application for judgment

at least 3 days prior to the hearing on such application.

Defendants contend that they had appeared and that they did not receive timely notice of plaintiff's November 28, 1983, motion for default judgment prior to granting of that motion on November 30. Plaintiff's counsel, at oral argument, twice acknowledged that defendants did not receive the three days' notice required by Rule 55(b)(2). The issue on this appeal then is whether defendants had "appeared" in the action.

Although appearance in an action typically involves some presentation or submission to the court—a feature missing from this case—there is strong authority requiring a court to "look beyond the presence or absence of such formal actions to examine other evidence of active representation." *Lutomski v. Panther Valley Coin Exchange*, 653 F.2d 270, 271 (6th Cir.1981); *accord, Wilson v. Moore & Associates, Inc.*, 564 F.2d 366, 369 (9th Cir.1977); *Charlton L. Davis & Co. v. Fedder Data Center, Inc.*, 556 F.2d 308 (5th Cir.1977); *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689 (D.C. Cir.1970); 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2686 at 432–33 (1983); 6 *Moore's Federal Practice* ¶ 55.05[3] at 55–55 (1983). The defaulting party "has appeared," for purposes of this rule, if he has "indicated to the moving party a clear purpose to defend the suit." *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d at 691; *see Lutomski v. Panther Valley Coin Exchange, supra;* 6 *Moore's Federal Practice, supra.*

Defendants' 'indications' of an intent to defend the present suit include the following: (1) Soon after May 1983, when the suit was filed, they retained counsel, Luis Rodriguez. (2) Rodriguez prepared a motion entitled "Motion Assuming Legal Representation and Requesting Order for Posting of Bond," which he did not file but which he showed to plaintiff's counsel, Jorge Suro. (3) The "motion" asked for more time to analyze the case's "complicat-

---

* Of the Supreme Court of the United States, sit-    ting by designation.

ed situations and facts" before filing an answer. It also announced an intention to file counterclaims for "breach of contract and/or misrepresentation and/or fraud." (4) Rodriguez entered into settlement discussions with Suro, during which he told Suro about the defenses he was prepared to assert.

In September 1983, however, Suro wrote to Rodriguez making a final settlement offer and stating, "If your clients do not accept the above, please answer the complaint as soon as possible." Rodriguez drafted an answer to the complaint, but, as of November 30, 1983, when the default judgment was granted, he had not filed it.

In our view these facts—particularly the presentation of defenses and counterclaims to opposing counsel—make out a sufficiently strong indication of an intent to defend. The failure to respond to Suro's September letter—which (in contrast to the cases we discuss in the next paragraph) said nothing of a possible default judgment—does not establish a change of mind. Other courts have treated "informal contacts" with a degree of common-sense flexibility. Thus, in *Livermore*, defense counsel showed an intent to defend by remarking to plaintiff's counsel that the case was in "a tough court and [plaintiff] would have difficulty in getting a judgment ...." *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d at 691. In *Lutomski*, the intent was inferred from defense counsel's two requests for additional time to respond to the complaint. And, in *Charlton Davis*, the "appearance" rested upon defense counsel's one belated contact with plaintiff's lawyer "indicating an intent to defend and requesting an extension of time" (says the court, without further elaboration). *Charlton L. Davis & Co. v. Fedder Data Center, Inc.*, 556 F.2d at 309.

We have found two roughly similar cases in which appellate courts have denied the existence of an appearance. In one, a brief per curiam, the court neither referred to *Livermore* or other case law nor described the content of "negotiations" between counsel. *Port-Wide Container Co. v. Interstate Maintenance Corp.*, 440 F.2d 1195 (3rd Cir.1971), *discussed in* 10 C. Wright, A. Miller & M. Kane, *supra*, at 433–34. And, in the other, a 2–1 Ninth Circuit panel decision, the court evidently found the defendant's "informal contacts" insufficient to constitute an appearance necessitating formal compliance with Rule 55's notice requirements, because (unlike this case) "the plaintiff's 'informal contacts' provided actual, unqualified notice that delay in answering the complaint would result in default." *Wilson v. Moore & Associates, Inc.*, 564 F.2d at 369. *Taylor v. Boston & Taunton Transportation Co.*, 720 F.2d 731 (1st Cir.1983), which appellee cites, is not in point, for the defendant there *neither* filed a paper in court *nor* contacted opposing counsel.

■ Without either condoning defense counsel's failure to respond or expressing any view on the alleged 'comedy of errors' responsible for that failure, we follow pre-existing authority in finding an "appearance" through defendants' informal contacts that demonstrated an intent to defend the case. When a party has appeared, "[f]ailure to give the required notice is generally regarded by the courts as a serious procedural irregularity," 6 *Moore's Federal Practice* ¶ 55.05[3] at 55–57; *see Wilson v. Moore & Associates, Inc., supra,* and absent special circumstances, *see, e.g., Planet Corp. v. Sullivan*, 702 F.2d 123 (7th Cir.1983), the lack of notice requires that the default be set aside. *See, e.g., Lutomski v. Panther Valley Coin-Exchange, supra; Charlton L. Davis & Co. v. Fedder Data Center, Inc., supra; H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, supra.* In the present case, defendants, once informed of the default proceedings, moved promptly to assert their defenses to the claim against them. We conclude that the default judgment cannot stand.

*The judgment of the district court is accordingly vacated, and the case is remanded for further proceedings.* We note, however, that this entire course of events seems largely due to appellants'

counsel's inattention to this case and his failure to pick up or arrange for delivery of mail sent to his former address. In consequence, we decline to award costs to appellants.