### Carol COOMBS

#### v.

### GOVERNMENT EMPLOYEES INSURANCE COMPANY, et al.

Supreme Judicial Court of Maine.

Argued Nov. 16, 1987.
Decided Dec. 22, 1987.

ment, it does not conflict with either the rule of      *Fishermens Landing* or our statutory law.

■■■■■■■

Elizabeth Bordowitz (orally), John Lambert, Michael Lugli, Black, Lambert, Coffin & Haines, Portland, for Coombs.

Glenn H. Robinson (orally), William C. Nugent, Hunt, Thompson & Bowie, Portland, for G.E.I.C.O.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Government Employees Insurance Company (GEICO), the recipient of a trustee process, appeals from the denial by the Superior Court (Oxford County) of its motion to set aside an order adjudicating it trustee by default and from the denial of its motion for hearing on the amount for which it should be charged as trustee. On appeal, GEICO contends that the Superior Court erred on various grounds in denying GEICO's motions. We find no error and we affirm the judgment of the Superior Court.

The relevant facts may be summarized as follows: On July 6, 1978, plaintiff Carol Coombs, a passenger in a car driven by defendant Elbridge Russell, was involved in a single car accident. She brought this action against Russell for the injuries sustained in that accident. When GEICO refused to defend and indemnify Russell in this action, he brought a separate declaratory judgment action against GEICO seeking a determination of its duties as insurer under a liability policy. On February 14, 1985, the Superior Court found that GEICO had a duty to defend and indemnify Russell under its policy and further declared that Russell was entitled to recover reasonable costs, including attorneys fees, incurred in

defending this action up to the date of the declaratory judgment. The Superior Court made a similar declaration with regard to attorneys' fees for representation in the declaratory judgment action, on the grounds that GEICO demonstrated bad faith in refusing to defend the claim by Coombs.

After Russell obtained the declaratory judgment, Coombs obtained an ex parte order in this case approving, *inter alia*, additional attachment on trustee process against the attorneys' fees awarded in the declaratory judgment action in an amount not to exceed $50,000.[1] Coombs served a trustee summons on GEICO through GEICO's agent, the Superintendent of the Bureau of Insurance. At the time of service, GEICO had already paid the attorneys' fees to Russell's attorney. GEICO, however, failed to file a disclosure statement within the 20 days required by M.R.Civ.P. 4B(d). Subsequently Coombs filed a motion for default judgment and the Superior Court granted it without hearing and adjudged GEICO trustee.

Three and one half months later, GEICO filed a motion to set aside the default adjudication pursuant to M.R.Civ.P. 55(b)(2) and (c) and 60(b) and, in the alternative, a motion for hearing on the amount for which the trustee should be charged pursuant to M.R.Civ.P. 55(b)(2). The Superior Court denied both motions.

■ First, we address the matter whether GEICO was entitled to notice of the application for default judgment pursuant to M.R.Civ.P. 55(b)(2), which provides in pertinent part:

If the party against whom judgment by default is sought has appeared in the action, the party ... shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.

For GEICO to be entitled to notice, it must have "appeared" in the action. GEICO contends that although it did not for-

1. A prior order for attachment was vacated by this Court in *Coombs v. Russell,* 511 A.2d 448 (Me.1986).

mally present itself to the court, it did have informal contacts with the attorney for the moving party, which it suggests would be sufficient to show an "appearance." We disagree. GEICO cites as authority for this proposition *Muniz v. Vidal*, 739 F.2d 699 (1st Cir.1984). The court in *Muniz* stated that "there is strong authority requiring a court to 'look beyond the presence or absence of such formal actions to examine other evidence of active representation.'" *Muniz*, 739 F.2d at 700 (quoting *Lutomski v. Panther Valley Coin Exchange*, 653 F.2d 270, 271 (6th Cir.1981)). The court further stated that "[t]he defaulting party 'has appeared' for purposes of [Fed.R.Civ.P. Rule 55(b)(2) ], if he has 'indicated to the *moving party* a clear purpose to defend the suit.'" *Muniz*, 739 F.2d at 700 (quoting *H.F. Livermore Corp. v. Aktiengesellschaft*, 432 F.2d 689, 691 (D.C. Cir.1970)) (emphasis added).

Even if we were to adopt the legal principles announced in *Muniz*, those principles are not applicable to the facts of this case. In *Muniz*, the court found that the defaulting party had appeared because the defendant's attorney, prior to any action for default by the plaintiff, had contacted the plaintiff's attorney on more than one occasion to attempt to settle the matter. In this case, even though GEICO's attorney contacted Coombs's attorney with an explanation of the insurer's position, this contact occurred after GEICO's attorney became aware that Coombs had filed a motion for default. Despite the attorney's actual knowledge of the pending motion, GEICO failed to file a formal disclosure or request any other form of relief. We are not persuaded that the telephone contact between attorneys under such circumstances constitutes an informal entry of an appearance, nor are we persuaded that any further notice of the motion for default was required.

Next, we address whether the default judgment is void and should be set aside pursuant to M.R.Civ.P. 60(b)(4). If the court lacks jurisdiction to render the judgment, then the judgment is void and must be set aside. *Warren v. Waterville Urban Renewal Auth.*, 290 A.2d 362, 365 (Me.1972). The Superior Court derives its authority to order trustee process by statute, 14 M.R.S.A. §§ 2601–3051 (1980 & Supp.1987). 14 M.R.S.A. § 2603 (1980) provides in part that "[s]ervice on the trustee binds all goods, effects or credits of the principal defendant entrusted to and deposited in his possession ...." Generally, this Court determines "the validity of trustee process on the state of facts existing at the moment process was served." *Coombs v. Russell*, 511 A.2d 448, 449 (Me.1986). 14 M.R.S.A. § 2614 (1980), however, expressly provides the sanction for failure to respond to the summons: "[w]hen a person summoned as trustee neglects to appear and answer to the action, he shall be defaulted and adjudged trustee as alleged." Therefore, by failing to answer the summons, GEICO waived any claim that it had no such property.

GEICO contends, however, that notwithstanding the provisions of section 2614 there are certain persons who cannot be adjudged trustee under 14 M.R.S.A. § 2602 (1980) and that GEICO falls either within section 2602(5) or (7).[2] Assuming that section 2602 applies, even though no disclosure is filed and the trustee is defaulted, we conclude that GEICO does not fall within either exception. The debt due Russell by GEICO resulted from a declaration of rights under an insurance contract and not from a money judgment. No execution issued on the judgment in that action and, therefore, subsection 5 is not implicated. With regard to subsection 7, GEICO paid the debt due Russell prior to service of the summons, rather than after service and before actual notice.

2. 14 M.R.S.A. § 2602 provides in pertinent part:
No person shall be adjudged trustee

    *5. Debt due on a judgment.* By reason of any debt due from him on a judgment while he is liable to an execution thereon;

    *7. Debt paid.* Where service was made on him by leaving a copy or a summons and before actual notice of such service or reasonable ground of belief that it was made, he paid the debt due to the principal defendant or gave his negotiable security therefor;

■ Having concluded that the judgment is not void, we find the Superior Court did not abuse its discretion in denying the motion to set aside the default judgment under M.R.Civ.P. 60(b)(1). Rule 60(b), in pertinent part, provides: "[t]he court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ...." GEICO contends that M.R.Civ.P. 55(c) is the applicable rule because a default adjudication on liability can only be an entry of default, not a default judgment, until the amount of damages can be ascertained. M.R.Civ.P. 55(c) provides in part, "[f]or good cause shown the court may set aside an entry of default ...." We are not persuaded that GEICO provided a sufficient basis for relief under either rule and, thus, we need not decide which rule is applicable. GEICO's counsel explained that he forgot to file the response while he was trying to determine the date of payment to Russell's attorney. Such an assertion constitutes neither good cause, nor excusable neglect.

■ Finally, we address whether the Superior Court abused its discretion in denying GEICO's motion for hearing on the amount for which the trustee should be charged. 14 M.R.S.A. § 2614 (1980) clearly provides that the person is adjudged trustee as alleged. In this case, the amount alleged in the trustee summons is for value up to $50,000. Therefore, we find the Superior Court did not abuse its discretion. Within the bounds of the amount alleged, the liability of the trustee is further limited by the amount of the judgment that Coombs obtains in the underlying action against Russell. GEICO is adjudged trustee for an amount which is the lesser of either the amount alleged in the trustee summons or the amount for which the principal defendant, Russell, is ultimately liable in the underlying action.

The entry is:

Judgment affirmed.

All concurring.