**CSB CORP., formerly known as Crownmark Corporation,**

v.

**CADILLAC CREATIVE ADVERTISING, INC.**

Civ. A. No. 89–0417B.

United States District Court,
D. Rhode Island.

Sept. 4, 1990.

Susan Huntley, Licht & Semonoff, Providence, R.I., for plaintiff.

Gerald Petros, Providence, R.I., for defendant.

FINDINGS AND RECOMMENDATION

JACOB HAGOPIAN, United States Magistrate.

The instant matters have been referred to the United States Magistrate for Findings and Recommendation pursuant to 28 U.S.C. Section 636. Presently before the Court is defendant's motion to vacate the default pursuant to Fed.R.Civ.P. 55(c) and

defendant's motion to vacate the default judgment pursuant to Fed.R.Civ.P. 60(b).

*STATEMENT OF FACTS*

The record in the instant action reveals the following. Plaintiff, CSB Corp. (CSB), brought this action to collect payment for key rings it specially manufactured for defendant, Cadillac Creative Advertising, Inc. (CCA), and to collect a part of its legal costs pursuant to an agreement between the parties.

On September 19, 1989, CCA was served with, and acknowledged, CSB's summons and complaint. On October 17, 1989, Notice of Default was entered due to defendant's failure to answer the complaint. CCA alleges that CSB told them not to be concerned about filing an answer because of ongoing settlement negotiations.

After a breakdown in negotiations, CCA learned from CSB's principal on January 15, 1990 that default judgment had been entered. However, CSB failed to provide notice of its motion to default to CCA, as required by Fed.R.Civ.P. 55(b)(2). Subsequently, CCA moved to vacate the entry of default and the default judgment on February 1, 1990 on the grounds of lack of notice pursuant to Fed.R.Civ.P. 55 and 60.

*DISCUSSION*

■ After a defendant has appeared, Rule 55(b)(2) demands that he "shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." In the instant matter, no written notice of application was given by plaintiff. However, CSB contends that because CCA did not formally appear, notice according to Rule 55 was not required.

CCA argues that a formal appearance, such as filing an answer, is not necessary to trigger the requirement of Rule 55(b)(2). In *Muniz v. Vidal*, 739 F.2d 699, 701 (1st Cir.1984), the Court found that a defendant could appear through informal contacts that demonstrated an intent to defend against suit. In both *Muniz* and the instant matter, responsive pleadings were not filed, but settlement negotiations oc-

curred before the entry of default judgment. CCA argues that communications between it and CSB regarding settlement of the dispute demonstrate CCA's intent to defend. I find that as in *Muniz*, CCA has met the criteria for appearing because it indicated to CSB a clear intent to defend the suit. *See Id.* at 700.

The *Muniz* court, citing 6 *Moore's Federal Practice*, Section 55.05[3] at 55–55 (1983), noted that the failure to provide notice is a serious procedural irregularity. Absent special circumstances, "the lack of notice requires that the default be set aside." *Id.* at 701. *See Lutomski v. Panther Valley Coin Exchange*, 653 F.2d 270 (6th Cir.1981); *Wilson v. Moores & Associates, Inc.*, 564 F.2d 366 (9th Cir.1977); *Chartlon L. Davis Co. v. Fedder Data Center, Inc.*, 556 F.2d 308 (5th Cir.1977).

■ Similar to the preceding analysis, Rule 55(c) provides that "for good cause shown the court may set aside an entry of default, ..." In *Coon v. Grenier*, 867 F.2d 73 (1st Cir.1989), the Court interpreted good cause to include an investigation as to "... whether the default was willful, whether a meritorious defense is presented." *Id.* at 76. In *Coon*, unlike the instant action, the defendant had no notice of an action against him until after entry of default. However, an inference of willfulness on CCA's part should be weighed against the settlement negotiations between the two parties. Vacating the default would not prejudice CSB, as there are no claims that "... witnesses have died, that memories have dimmed beyond refreshment, that some discovery scheme has been thwarted, or that evidence has been lost." *Id.* at 77. Additionally, *Coon* directs that the defendant demonstrate a meritorious defense in order to vacate an entry of default. CCA has raised a meritorious defense. *See* Discussion, *infra*.

■ CCA has also moved to vacate the default judgment. "On motion and upon such terms as are just, the Court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, in-

advertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment." Fed. R.Civ.P. 60(b). Motions to set aside default judgments are addressed to the discretion of the trial court. *Taylor v. Boston and Taunton Transportation Co.*, 720 F.2d 731–32 (1st Cir.1983); *American Metals Service Export Co. v. Ahrens Aircraft, Inc.*, 666 F.2d 718, 720 (1st Cir.1981); *American & Foreign Insurance Association v. Commercial Insurance Co.*, 575 F.2d 980, 982 (1st Cir.1978); *Pagan v. American Airlines, Inc.*, 534 F.2d 990, 993 (1st Cir.1976). A party seeking relief must demonstrate that he has a meritorious defense and that one of the conditions of Rule 60(b) applies. *Id.* Although there is a preference for allowing cases to be resolved on the merits, it is the District Court's duty to weigh the reasons for and against setting aside a default judgment. *Id.* Thus, the determination to be made in the matter before me is whether the defendant has set out a meritorious defense with the "required specificity" and further whether one of the conditions delineated in Fed.R.Civ.P. 60(b) applies. *American Metals Service Export Co., supra.*

■ Defendant alleges a meritorious defense, asserting that it had an agreement with CSB whereby both parties would share the risk of downsized or delayed demand for the key chains manufactured by CSB. The Court must "... examine the allegations in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir.1978), as cited in *American Metals Service Export Co., supra.* In the instant action, the defendant has sufficiently alleged a meritorious defense because plaintiff's claim for the full amount of the value of the key chains would be defeated by an agreement between the parties to share the costs of a diminished market.

■ Defendant has moved to vacate the judgment on the grounds that no notice of application for default judgment was given as required by Rule 55(b)(2). Because CCA made an appearance, as evidenced by settlement negotiations, notice was required. The result of lack of notice requires that the default be set aside. *See Muniz* at 701. Consequently, CCA has shown both a meritorious defense and that Rule 60(b) applies. Accordingly, I find that defendant's motion to vacate the default and defendant's motion to vacate the default judgment should be granted.

■ A magistrate's Finding and Recommendation is filed herewith pursuant to Title 28 U.S.C. Section 636(b)(1)B. Any objection to this Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of the receipt of the Recommendation. Rule 32, Local Rules of Court; Rule 72(b), Fed.R.Civ.P. Failure to timely file specific objections to the magistrate's Recommendation, findings or report is a waiver of the right to review by the District Court. *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980); *United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986).

■ A review of the magistrate's Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the magistrate. *Paterson–Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

*RECOMMENDATION*

Defendant's motions to vacate the default and the default judgment should be granted. I so recommend to the Court.