[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

Nos. 01-2396
02-1276

HENRY L. SOLANO, ACTING SECRETARY OF LABOR,
U.S. DEPARTMENT OF LABOR,

Plaintiff, Appellee,

v.

TODD LASCOLA,

Defendant, Appellant.

CPI FINANCIAL SERVICES, INC.

Defendant.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, Senior U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Lipez, Circuit Judges.

Todd J. LaScola on brief pro se.
Eugene Scalia, Timothy D. Hauser, Karen L. Handorf, and Peter B. Dolan, U.S. Department of Labor, on brief for appellee.

October 18, 2002

**Per Curiam**.   Todd J. LaScola has appealed a district court judgment of default and the subsequent denial of his motion seeking to vacate that default judgment pursuant to Fed. R. Civ. P. 60(b).[1] We review these rulings for abuse of discretion.  Teamsters Local No. 59 v. Superline Transp. Co., Inc, 953 F.2d 17, 19 (1st Cir. 1992).  Finding none, we affirm.

On appeal, LaScola reiterates his contention that his failure timely to respond to the Department of Labor (DOL) complaint may be excused by his preoccupation with his criminal case.  LaScola contends that the DOL sought an unfair advantage by filing its civil action to coincide with the criminal proceeding, but he has shown nothing unfair or devious about the timing.  While undoubtedly a distraction, the contemporaneous pendency of the criminal proceeding, in and of itself, cannot relieve LaScola from responsibility in answering the DOL civil suit.  LaScola provides no authority otherwise.  Further, he concedes that he was aware of the civil action and was properly served with the complaint and summons.  If the criminal action was adversely impacting his ability to respond to the civil action, at the very least, LaScola could have, and should have, sought an extension of time in which to respond to the DOL filing.  What he could not do without consequence was to simply ignore the DOL action.  LaScola

---

[1]The default judgment also entered against LaScola's company, CPI Financial Services, Inc.  LaScola's notices of appeal were filed solely on his own behalf.

acknowledges having discussed with Attorney O'Neil, who was then representing him in the criminal case, the possibility that DOL would file a civil action. From aught that appears, LaScola decided to rely on O'Neil's conjecture that a suit by DOL was of questionable viability. That reliance apparently caused LaScola to simply ignore the subsequently-filed action -- a risky and doubtful gamble which he lost. LaScola suggests a further factor mitigating in favor of vacating the default judgment is the failure to provide him with notice of the default judgment hearing and subsequent filings at his place of incarceration. But having failed to appear in the civil action, he was not entitled to service of such notice. Taylor v. Boston & Taunton Transp. Co., 720 F.2d 731, 733 (1st Cir. 1983); Fed. R. Civ. P. 55(b)(2).

Even were LaScola's default determined to be a product of excusable neglect so as to justify relief pursuant to Rule 60(b)(1), he has failed to demonstrate a potentially meritorious defense. See Teamsters Local No. 59 v. Superline Transp. Co., Inc, 953 F.2d at 20. He provided no evidentiary support for his contentions that his contract with the trustees of Local 99's Plan anticipated a performance based on a fixed income rate of return or that the RBG commissions should not be included in the calculation of the opportunity losses. Finally, the default judgment neither constitutes a double recovery nor, in view of the DOL's concession that LaScola would have a viable defense should the SEC actually return the commissions to the Plan, will there be a double recovery

by the federal government.

In sum, there was no abuse of discretion in the district court's rulings and we affirm.