Donald S. PRESNELL

v.

PEOPLES HERITAGE BANK.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 5, 1993.
Decided Feb. 11, 1993.

Donald S. Presnell, pro se.

Frederick B. Finberg, Perkins, Thompson, Hinckley & Keddy, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

COLLINS, Justice.

Peoples Heritage Bank (Bank) appeals from the dismissal of its appeal to the Superior Court (Cumberland County, Alexander, J.). Since we conclude that the Superior Court abused its discretion in dismissing the Bank's appeal, we vacate the dismissal.

The facts leading up to Presnell's claim are as follows. On or about May 13, 1988, Peoples Heritage Bank refused to cash a "Bonus Voucher" that was addressed to Charles Dubail because Dubail did not have an account with the bank. Dubail apparently then signed his name on the back of the voucher and gave it to Helen Presnell, who had a joint account at the bank with her husband Donald. Charles Dubail was a friend of the Presnells and was living with the Presnells at the time of the events in issue. Ms. Presnell then signed the back of the voucher. The bank teller provided Helen Presnell with $500 in exchange for the Bonus Voucher. The "Bonus Voucher" was the type of document that is frequently mailed out as a promotional device that stated plainly on its face that it was "Not Redeemable for Cash." When the bank discovered that the document was non-negotiable, it debited the Presnells' account in the amount of $500.

The Presnells instituted this Small Claims action, see 14 M.R.S.A. § 7481–7486 (Supp.1992), by filing a statement of claim wherein Donald Presnell alleged that:

On or about May 13, 1988 Peoples Heritage Bank cashed a Bonus Voucher for a Charles Dubail of which Helen Presnell [c]o[-]signed not knowing that it was not a check. I contend that Helen having no knowle[dg]e of Banking and or a lot of experience with checks should not be liable for the money. The bank teller ... made a mistake of cashing the voucher when it plainly states NOT REDEEMABLE FOR CASH.

After a hearing on April 18, 1989, the District Court (Portland, Macnichol, J.) entered judgment for Presnell in the amount of $500 and costs of $20. Bank appealed to the Superior Court. See M.R.S.C.P. 11.

The docket reflects that on October 5, 1989, the Superior Court (Alexander, J.) orally sustained the appeal and directed the Bank's attorney to prepare the order. At this hearing, Presnell did not appear or file a brief. The court did not state the reason

for its decision. The Bank's attorney was before the court for less than a minute and apparently did not hear the Court request the submission of a proposed order.

In late December or early January of 1992, the Bank's attorney received notification from the clerks' office that final action on this matter had not been taken. On or about January 8, 1992, the Bank's attorney submitted a proposed order. The proposed order did not reveal the basis of the court's decision because the court when orally sustaining the appeal did not reveal the basis of its decision. On January 22, 1992, the Superior Court (*Alexander, J.*) refused to sign the proposed order and vacated its earlier decision to sustain the appeal. The court, in its order, found the two year and three month delay in submitting the proposed order unacceptable and attributable to the attorney for the Bank. The court dismissed the appeal.

On February 5, 1992, the Superior Court (*Alexander, J.*) denied the Bank's motion for reconsideration. The Bank filed this timely appeal to this Court.

On appeal, the Bank argues that the Superior Court abused its discretion by dismissing its appeal as a sanction for failure to submit a proposed order as requested by the court. We agree.

■ In general, courts have the discretion to dismiss cases for lack of prosecution. As we noted in *State v. Bowring:*

> [t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' *governed not by rule or statute* but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*State v. Bowring,* 490 A.2d 667, 669 (Me. 1985) (citations omitted). When the Superior Court's decision or ruling rests on the exercise of judicial discretion, we will review for an abuse of discretion or error of law. *See Higgins v. Higgins,* 370 A.2d 670, 674 (Me.1977). "The touchstone of determining whether the [court] has properly exercised its discretion is whether in a given case that discretion is exercised 'in furtherance of justice.'" *See Hamm v. Hamm,* 584 A.2d 59, 62 (Me.1990) (citations omitted).

■ In this case, there is no indication in the record of irresponsibility or dilatoriness on the part of the Bank's attorney that would merit dismissal. Rather, the record reflects counsel's failure to hear an oral order from the bench. Dismissal, the ultimate sanction, should not be imposed for an attorney's failure to comply with an unheard order. Further, all that was required of the court in connection with the proposed order was a signature that would have given effect to its unquestioned earlier decision. It is unlikely that this minimal burden would have interfered with the "orderly and expeditious disposition of cases" before the court. *See State v. Bowring,* 490 A.2d 667, 669 (Me.1985). Accordingly, we find that the Superior Court's dismissal of the Bank's appeal constitutes an abuse of discretion.

The entry is:

Order dismissing the appeal vacated. Remanded to the Superior Court with instructions to enter judgment on the merits of the appeal.

All concurring.