2002 ME 41

**Michael A. BUTLER et al.**[1]

**v.**

**D/WAVE SEAFOOD et al.**[2]

Supreme Judicial Court of Maine.

Argued: Feb. 6, 2002.
Decided: March 15, 2002.

---

1. Christine M. Butler is also a plaintiff in this action.

2. David Sinnott, Donna Butler, and KeyBank National Association are defendants in this action.

G. Charles Shumway II (orally), Childs, Rundlett, Fifield, Shumway & Altshuler, LLC, Portland, for plaintiffs.

Bruce B. Hochman (orally), Teresa M. Cloutier, Lambert Coffin, Portland, for defendant, KeyBank.

David P. Silk, Portland, for defendant, D/Wave.

Panel: CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] KeyBank National Association appeals from a default judgment against it entered by the Superior Court (Cumberland County, *Crowley, J.*). KeyBank contends that the trial court erred when it (1) denied KeyBank the opportunity to litigate the issues in the underlying suit after KeyBank was granted intervenor status, and (2) denied KeyBank's motion for relief from default judgment pursuant to M.R. Civ. P. 55(c) [3] and M.R. Civ. P. 60(b)(1) & (6). [4] We affirm the judgment.

## I. CASE HISTORY

[¶ 2] Michael and Christine Butler commenced the underlying suit against Donna Butler, David Sinnott, and D/Wave Seafood (D/Wave) [5] by filing a complaint alleging that D/Wave defaulted on an $80,000 loan from Michael and Christine Butler. KeyBank was served with trustee process on two occasions, June 6 and June 19, 2000, because it held $1364.80 in a D/Wave Seafood checking account and $10,609.09 in a certificate of deposit, $10,000 of which was being held as collateral for a loan.

[¶ 3] Neither the trial court nor plaintiffs' counsel received a disclosure from KeyBank in response to the trustee sum-

---

3. M.R. Civ P. 55(c) provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

4. M.R. Civ. P. 60(b) provides in relevant part: On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (6) any other reason justifying relief from the operation of the judgment.

5. Michael, Christine, and Donna Butler and David Sinnott each own 25% of the outstanding stock of D/Wave, a Maine corporation established for the purposes of selling seafood. Donna Butler and David Sinnott became defendants because they guaranteed the loan.

mons within the required twenty-day response period stated in M.R. Civ. P. 4B(e).[6] KeyBank contends that its employee, Karen Jenkins, responded to the trustee summons through the mail on June 29, 2000, allegedly sending both the court and plaintiff's counsel copies of its response. KeyBank asserts that, in addition to preparing its trustee's disclosure, it prepared a letter to D/Wave Seafood stating that its assets had been frozen and placed in a separate trustee account.

[¶ 4] On July 11, 2000, plaintiffs filed a request for a default and default judgment against the trustee, KeyBank. On October 17, 2000, the court telephoned Ms. Jenkins, at KeyBank's legal department in Cleveland, Ohio, to notify her of a hearing scheduled on plaintiffs' motion for default and default judgment. During the conversation with the court clerk, Ms. Jenkins claimed that she had mailed a copy of the disclosure to both the court and plaintiffs' counsel, and stated that she would forward to the clerk another copy of the disclosure. KeyBank's disclosure, however, was not received by the court until October 23, 2000.

[¶ 5] A hearing was held on October 31, 2000, regarding the Butlers' request for default and default judgment against Key-Bank. Although notified, KeyBank failed to appear. As a result of the hearing, the Superior Court issued an order stating that if judgment is granted against any or all of the principal defendants, the court would also award judgment and execution against KeyBank and the principal defendants in an amount not exceeding $85,000.[7]

[¶ 6] KeyBank filed a motion for relief from the default judgment pursuant to M.R. Civ. P. 55(c) and M.R. Civ. P. 60(b)(1) & (6). After a hearing, the court denied the motion for lack of good cause shown under Rule 55(c) and lack of excusable neglect under Rule 60.

[¶ 7] On May 18, 2001, KeyBank filed an unopposed motion to intervene and a motion for leave to file a cross-claim against D/Wave, David Sinnott, and Donna Butler. The court denied KeyBank's motion to file a cross-claim, but granted KeyBank's motion to intervene.

[¶ 8] Immediately preceding the trial, on June 4, 2001, the original parties settled the dispute. The settlement agreement provided for judgment on count I of the Butlers' complaint against only D/Wave for a total of $80,000 plus interest, with the Butlers agreeing to dismiss the remaining counts of their complaint and the original defendants agreeing to dismiss their counterclaims with prejudice. KeyBank objected to the proposed settlement, but the court approved the settlement over Key-Bank's objection, and a stipulated judgment was entered. KeyBank then filed this appeal.

## II. DISCUSSION

[¶ 9] KeyBank presents several issues on appeal. First, it argues that it was error for the court, after granting Key-

---

**6.** M.R. Civ. P. 4B(e) provides in relevant part: "A trustee shall serve that trustee's disclosure under oath within 20 days after the service of the trustee summons upon that trustee, unless the court otherwise directs."

**7.** The judgment awarding the full amount alleged to be due in the action, rather than the lesser total held by the bank, is based on 14 M.R.S.A. § 2614 (1980) which provides that: "[w]hen a person summoned as trustee ne-

glects to appear and answer to the action, he shall be defaulted and adjudged trustee as alleged." We addressed the section 2614 "as alleged" language in *Coombs v. GEICO*, 534 A.2d 676, 679 (Me.1987). In addition, the approach to calculating the extent of Key-Bank's responsibility after the default was not challenged in the trial court or in briefing on this appeal and, therefore, is not addressed further in this opinion.

Bank intervenor status, to deny its motion for leave to file a cross-claim and to then approve a settlement between the parties over KeyBank's objection. KeyBank reasons that the court's granting of intervenor status was fruitless, because the court simultaneously denied KeyBank's motion to file a cross-claim, leaving it with no means of presenting a defense to count I of plaintiffs' claim.

[¶ 10] M.R. Civ. P. 15(a) addresses when a party may amend its pleadings and provides, in pertinent part:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

[¶ 11] In *In re Petition of Sen,* 1999 ME 83, ¶ 10, 730 A.2d 680, 683, we stated that the determination to permit a party to amend a pleading is within the court's discretion. Furthermore, when the "court has denied a leave to amend, the appellant must demonstrate a clear and manifest abuse of discretion and must demonstrate that granting such a motion is necessary to prevent injustice." *Id.*

[¶ 12] KeyBank has neither demonstrated a clear and manifest abuse of discretion nor demonstrated that the granting of the motion to file a cross-claim is necessary to prevent injustice. KeyBank's motion came less than a month before trial and nearly one year after commencement of the action. Additionally, KeyBank acknowledges that it may later pursue an action for contribution against Donna Butler, David Sinnott, and D/Wave. Therefore, the trial court's denial of KeyBank's motion for leave to file a cross-claim was properly within its discretion and not necessary to prevent an injustice.

[¶ 13] KeyBank argues next that the court's approval of the principal parties' settlement over KeyBank's objection created irreparable harm to the interests it sought to protect through intervention. In *Local Number 93 v. City of Cleveland,* 478 U.S. 501, 528–29, 106 S.Ct. 3063, 92 L.Ed.2d 405 (1986), the United States Supreme Court held in relevant part that the local union, an intervenor, could not frustrate a settlement between the other parties. The Court stated:

A consent decree is primarily a means by which parties settle their disputes without having to bear the financial and other costs of litigating. It has never been supposed that one party—whether an original party, a party that was joined later, or an intervenor—could preclude other parties from settling their own disputes and thereby withdrawing from litigation. Thus, while an intervenor is entitled to present evidence and have its objections heard at the hearings on whether to approve a consent decree, it does not have the power to block the decree merely by withholding its consent.

*Id.* (citing *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 392, 400, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Kirkland v. New York State Dept. of Corr. Servs.,* 711 F.2d 1117, 1126 (2d Cir.1983), *cert. denied,* 465 U.S. 1005, 104 S.Ct. 997, 79 L.Ed.2d 230 (1984)). The settlement cannot, however, serve to dispose of an intervenor's valid claims. *Id.; Federal Deposit Ins. Corp. v. United States,* No. CV–96–98–ST, 1997 WL 214954, at *6 (D.Or. Jan.3, 1997) (barring an independent claim, an intervenor cannot prevent the disposition of a lawsuit that the original parties wish to end).

[¶ 14] Accordingly, the trial court did not err when it allowed the original parties in the instant case to settle over KeyBank's objection. The parties' settlement does not serve to bar KeyBank from pursuing a separate action for contribution against Donna Butler, David Sinnott, and D/Wave.

[¶ 15] KeyBank also argues that the trial court erred when it denied relief from the default judgment pursuant to M.R. Civ. P. 55(c) and M.R. Civ. P. 60(b)(1) & (6). We review a trial court's decision regarding a motion for relief from a default judgment for an abuse of discretion. *Maynard v. Comm'r of Corr.*, 681 A.2d 19, 22 (Me.1996). We have stated that "[t]he touchstone of determining whether the [court] has properly exercised its discretion is whether in a given case that discretion is exercised in furtherance of justice." *Presnell v. Peoples Heritage Bank*, 619 A.2d 1205, 1206 (Me.1993) (internal quotation marks omitted). Considerable deference is accorded to the trial court reviewing a motion for relief from a default judgment due to the judge's "familiarity with the case and opportunity to evaluate the credibility and good faith of the parties." *Id.* (citing 2 Field, McKusick & Wroth, *Maine Civil Practice* § 55.7 at 353 (2d ed. Supp.1981)).

[¶ 16] The trial court's authority to grant a default judgment against KeyBank is grounded in 14 M.R.S.A. § 2614 (1980), which provides that: "[w]hen a person summoned as trustee neglects to appear and answer to the action, he shall be defaulted and adjudged trustee as alleged." *See Coombs v. GEICO*, 534 A.2d 676, 678 (Me.1987).

[¶ 17] The Superior Court denied KeyBank's motion on the grounds that it had not demonstrated good cause under Rule 55(c) or excusable neglect under Rule 60. In order to be relieved from the default and default judgment under Rule 60(b)(1), for excusable neglect, KeyBank was re-

quired to show "a reasonable excuse for the default and a meritorious defense to the underlying action." *Theriault v. Gauthier*, 634 A.2d 1255, 1256 (Me.1993). The standard for excusable neglect is higher than the good cause standard under Rule 55(c). *Id.* at 1256–57.

[¶ 18] Contrary to KeyBank's contentions, it did not present a reasonable excuse for its default. Not only was KeyBank served with a trustee summons on two occasions, June 6 and June 19, but, two weeks before it was to be heard, the court notified KeyBank by phone of the default judgment hearing. After two weeks notice, KeyBank failed to appear at the default judgment hearing. Although KeyBank asserts that it mailed copies of the disclosure to both plaintiffs' counsel and the court, the date that it allegedly mailed the disclosure was, nevertheless, past the twenty-day due date specified by Rule 4B(e). KeyBank's delayed response to the instant case does not constitute a reasonable excuse to support relief from default. Accordingly, the trial court's determination to deny KeyBank's motion to set aside the default and default judgment did not exceed the bounds of its discretion.

The entry is:

Judgment affirmed.