STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-071

NEAL L. WEINSTEIN and
445 ELM STREET, INC.,

Plaintiffs

v.                                              ORDER

ANDREA MURILLO THIBOUTOT,

Defendant                                       JUN 1 2005

This case come before the Court on Defendant Andrea M. Thiboutot's Motion to Set Aside a Default Judgment entered in favor of Plaintiff Neal L. Weinstein.

## FACTS

Plaintiff Neal L. Weinstein (Plaintiff) and Joseph Thiboutot each acquired a half interest in the corporation 445 Elm Street, Inc. in January 1999. The corporation owned and managed a commercial property that included business and apartment space at 445 Elm Street, in Biddeford, Maine. Joseph Thiboutot separately formed a corporation known as Jodax, Inc., and conducted business as Route 1 Custom Cycle on the premises. Andrea M. Thiboutot is Joseph Thiboutot's mother.

Eventually, Jodax, Inc. and Route 1 Custom Cycle were closed, and Plaintiff and Joseph Thiboutot (Joseph) became embroiled in litigation for partition of their jointly held interests in 445 Elm Street, Inc. (RE-03-24). In the course of that litigation, the Maine Board of Overseers of the Bar was asked to consider whether Plaintiff, who is an attorney, had a conflict of interest that precluded him from participating in the litigation. The Board's Grievance Committee found that because Plaintiff had previously represented Joseph Thiboutot in a number of civil and criminal matters,

Plaintiff was required to obtain "informed written consent of the corporate client [445 Elm St., Inc.] for any litigation involving Mr. Weinstein's personal or financial interest." The Committee told Plaintiff that, without corporate consent, he could not "commence a lawsuit on the corporation's behalf."

While the partition litigation was proceeding in Superior Court, Plaintiff filed this complaint against Defendant Andrea M. Thiboutot (Andrea), claiming damages for trespass, ouster, conversion, interference with business relationships, invasion of privacy, fraud and misrepresentation. According to the complaint, Andrea entered the premises at 445 Elm Street a number of times, in spite of an order from the Superior Court in the partition case not to do so. Plaintiff accused Andrea of telling city planning officers, bank representatives, contractors and locksmiths, that she owned 445 Elm Street or was a legal representative of 445 Elm Street, Inc. Plaintiff claimed Andrea broke into, vandalized, and blocked access to 445 Elm Street, causing the corporate property to lose its insurance and be threatened with foreclosure by its mortgage lenders. Plaintiff further accused Andrea of altering corporate documents naming the corporation's shareholders and directors. Plaintiff requested tort damages and a preliminary injunction against Andrea, pursuant to M.R. Civ. P. 65(b). Plaintiff's injunction request listed the docket number of the partition litigation, RE-03-024, in error.

Andrea was served with notice of the complaint on March 26, 2004, but failed to file a response. Plaintiff then requested a default judgment in his favor, which the Clerk entered on April 26, 2004. On May 5, 2004, Andrea moved to set aside the default, citing Plaintiff's impermissible conflict of interest. That motion was denied without prejudice for failure to contain the required notice under M.R. Civ. P. 7(b)(1). On June 30, 2004, Joseph Thiboutot filed a motion to set aside the default and dismiss Plaintiff's

2

suit against Andrea under the docket number of the partition action, RE-03-024. That motion was similarly denied without prejudice. On July 7, 2004, Andrea filed a motion within the requirements of M.R. Civ. P. 7(b)(1), asking the Court to set aside and dismiss the complaint against her and to dismiss a summary judgment in the separate partition action, again citing Plaintiff's conflict of interest.

On October 15, 2004, Attorney Andrews B. Campbell, acting as attorney for Joseph and Jordax, Inc., moved for a continuance and to intervene, claiming Jordax, Inc. and Joseph were interested parties in Plaintiff's request for a preliminary injunction filed under the docket number of the partition action involving his clients. His request for a continuance to sort out the various filings was granted. On December 20, 2004, Attorney Campbell entered an appearance on behalf of Andrea in this case, and filed a Motion to Set Aside Default on December 30, 2004.

## DISCUSSION

Under Maine Rules of Civil Procedure, "[f]or good cause shown the court may set aside an entry of default and, if a judgment of default has been entered, may likewise set it aside in accordance with Rule 60(b)." M.R.Civ. P. 55(c). The Law Court has noted the generous standard of Rule 55(c) is in keeping with "a strong preference in our law for deciding cases on the merits." *Thompson v. Thompson*, 653 A.2d 417, 420 (Me. 1995)(citing *Wescott v. Allstate Ins.*, 397 A.2d 156 (Me. 1979); 2 Field, McKusick & Wroth, *Maine Civil Practice* § 55.7 at 24-25 (2d ed. 1970)). The "excusable neglect" standard of Rule 60(b)(1) is more stringent than the "good cause" standard of Rule 55(c). *Butler v. D/Wave Seafood*, 2002 ME 41, ¶ 17, 791 A.2d 928, 932 (citation omitted).

Here, Andrea argues she has a reasonable excuse for her failure to repond to Plaintiff's complaint because Plaintiff's request for an injunction was

3

erroneously captioned with the docket number of the partition litigation. Andrea also argues she has a meritorious defense to the underlying action, because Plaintiff seeks damages for injuries to the corporate interests of 445 Elm Street, Inc., when Plaintiff is precluded from acting on behalf of the corporation under the express findings of the Maine Overseers of the Bar. Andrea also argues the instant action is properly part of the related partition litigation when Andrea acted at all times under a power of attorney for Joseph, and on his behalf. Finally, Andrea argues, this Court should act in accordance with its preference for deciding cases on the merits.

Plaintiff argues that Andrea was capable of responding in a timely manner to his complaint if she is also able to act on behalf of her son; that the parties and claims in the partition litigation and this matter are unrelated; and that Attorney Campbell is the person with "the real and outstanding" conflict of interest because he is representing both Andrea and Joseph.

The confusion concerning filings, parties, and docket numbers can be ascribed to both sides, and provides Andrea with a reasonable excuse for her failure to properly respond in a timely manner to Plaintiff's complaint. Andrea's assumption that the Grievance Committee had precluded Plaintiff from bringing additional suits on behalf of 445 Elm Street Inc. is also understandable. Indeed, Andrea may have a meritorious defense to Plaintiff's underlying action in that conflict of interest.

Here, the Grievance Committee explicitly instructed Plaintiff that he could not "dispense with corporate formalities" and commence a lawsuit on the corporation's behalf. Nonetheless, in the instant suit, the injuries complained of appear to be the

4

commercial and corporate interests of 445 Elm Street, Inc., and appear to fall within the express proscriptions of the Grievance Committee.

Because Andrea has shown good cause for the entry of default in favor of Plaintiff, and because she has shown both a reasonable excuse and potentially meritorious defense, Defendant Andrea Thiboutot's Motion to Set Aside the Entry of Default and Default Judgment is **GRANTED**.

Dated:     March 17, 2005

G. Arthur Brennan
Justice, Superior Court

Neal L. Weinstein, Esq. - PL
Andrews B. Campbell, Esq. & Rick Winling, Esq. - DEF