TDW-CUM-3/24/201

Mignosa v. Poirier, CV-10-195 (Superior Ct. Cumberland)

Before the court is defendants' motion pursuant to Rule 60(b) for relief from the default judgment entered on October 25, 2010. Defendants argue that they should be granted the relief they are seeking pursuant to Rules 60(b)(1) (excusable neglect), 60(b)(3) (misrepresentation), and 60(b)(6) (other reasons justifying relief).

In order to prevail on the basis of excusable neglect, the defendants must show (1) a reasonable cause for their inattention to court proceedings and (2) a meritorious defense to the underlying action. Ezell v. Lawless, 2008 ME 139 ¶ 22, 955 A.2d 202, 207. Parties who are not represented by counsel are not afforded any special consideration. Id. The "excusable neglect" standard in Rule 60(b)(1) is a higher standard than the standard for setting aside a default under Rule 55(c). Butler v. D/Wave Seafood, 2002 ME 41 ¶ 17, 791 A.2d 928, 932.

In this case the complaint was filed on April 29, 2010. After an ex parte motion for attachment was denied, defendants were served on May 12, 2010. No answers were filed and plaintiffs filed a request for the entry of default on July 22, 2010. That request was accompanied by an affidavit by plaintiff's counsel, John Campbell, stating that he had spoken to defendant Poirier, that Poirier acknowledged he had been served, and that Poirier had not requested any extension of time to respond. The clerk's office entered defaults on July 22, 2010, the same date that plaintiff's request was filed.

Subsequently, on October 1, 2010 plaintiff filed a motion for a default judgment including affidavits detailing his damages. One of those affidavits was signed by plaintiff Anthony Mignosa stating, inter alia, that defendants had abandoned the job. Mignosa Aff. ¶ 7. On October 25, 2010 the court granted the motion and entered a default judgment against both defendants in the amount of $110,700.

The basis of defendants' motion for relief from the judgment is an affidavit from defendant Poirier which sets forth certain facts, not previously before the court, with respect to the dealings between the parties after suit was filed. Specifically, Poirier states that when he spoke to attorney Campbell in early June, after he had been served with the summons and complaint, he had informed Campbell that he was ready, willing, and able to complete the work on the house. His affidavit further states that he thereafter met at the job site with Joseph Brown, a client of attorney Campbell who Poirier understood to be acting as a site representative, to discuss progress on the project. Finally, he states in his affidavit that his work crew performed significant work on the project in July 2010 and that he thereafter contacted Mignosa without success to get further guidance and obtain permission to perform additional work.

Plaintiff has responded to the Rule 60(b) motion with an affidavit from attorney Campbell, which states that in his June 2010 conversation with Poirier he had expressed skepticism as to Poirier's good faith and that he had never suggested or intimated that he would delay or put off further action in the lawsuit. Campbell acknowledges, however, that there were discussions with respect to Poirier's resumption of work, that Campbell had in fact requested a written proposal from Poirier for completion of the job, and that Campbell had also requested that Brown, one of his clients who is in the excavating business, meet with Poirier to assess Poirier's proposal to complete the

work.[1] Campbell does not dispute that Poirier thereafter worked at the job site during the summer of 2010 but states that Brown advised him that Poirier had done very little of the additional work that he had proposed to perform. Campbell states that, as far as he knows, Poirier was never prevented from entering the property to complete the job.

The court accepts attorney Campbell's evidence as to his discussion with Poirier in June 2010. However, it is undisputed that the discussion concerned whether Poirier could finish the job, that Campbell solicited from Poirier a written proposal to that effect, that Poirier's discussions with Campbell then led to meetings with Brown at the job site,[2] and that Poirier thereafter performed additional work at the site in July – although whether the amount of that work was "significant" is disputed. No evidence has been offered that Poirier was ever told in June or July (1) that, notwithstanding Poirier's further efforts, plaintiff intended to proceed with the lawsuit or (2) that plaintiff had concluded that Poirier's additional work was unsatisfactory or (3) that plaintiff had concluded that Poirier had failed to follow through with his proposal to complete the work. If any one of those messages had been communicated, the court would be inclined to conclude that Poirier had failed to show a reasonable excuse for his failure to respond to the lawsuit.

Poirier has instead shown that, notwithstanding the filing of the complaint, he was asked to submit a proposal to complete the job, that he submitted such a proposal, and that the proposal led to meetings at the job site and the performance of additional work. Poirier therefore had reason to believe that Mignosa was prepared to allow him to resolve the case instead of proceeding with the lawsuit. Poirier has also shown that Mignosa's representatives never disabused him of that belief before plaintiff went ahead and obtained the entry of a default and a default judgment. Under those circumstances, although this is a close case, the court finds that Poirier has shown a reasonable excuse for his inattention to the lawsuit under Rule 60(b)(1).

In reaching this result, the court is mindful of the strong preference in Maine law for deciding cases on their merits. Thomas v. Thompson, 653 A.2d 417, 420 (Me. 1995); Wescott v. Allstate Insurance Co., 397 A.2d 156, 163 (Me. 1979); Millet v. Dumais, 365 A.2d 1038, 1040 (Me. 1976), quoting Field McKusick & Wroth, Maine Civil Practice § 55.4 at 21-22 ("substantial rights should not be determined by default if that procedure can reasonably be avoided and no substantial prejudice has resulted"). See Gill v. Stolow, 240 F.2d 669, 670 (2d Cir. 1957).

---

[1] The conversation between Poirier and Campbell appears to have occurred after the time for Poirier to answer had expired. However, Poirier was not told that he was already in default or that Campbell intended to proceed with the lawsuit. It was reasonable for Poirier to assume that the outcome of his discussions with respect to completing the work would affect whether the lawsuit would proceed.

[2] Campbell disagrees that Brown was a "site representative" but whether or not Brown deserved that title, it is not disputed that Brown was acting on behalf of plaintiff and attorney Campbell when Brown met with Poirier at the job site to discuss and evaluate the progress of the work.

2

One other point should be addressed in this connection. Poirier has cited authority from other jurisdictions to the effect that where counsel for plaintiff is in communication with a party who is in default, some warning should be given before the entry of a default or a default judgment is sought. While this might be generally advisable as a matter of fairness and courtesy, the court is not inclined to rule that such warnings are uniformly required. What must be evaluated, based on the specific facts of a given case, is whether, regardless of whether there was a specific intent to lull the defaulting party into inaction, the interaction between the parties could reasonably have had that effect.

The remaining issue under Rule 60(b)(1) is whether Poirier has demonstrated a potentially meritorious defense. On that issue, a party need not demonstrate that it will necessarily prevail on the merits but must only set forth facts which if proven at trial would constitute a viable defense. See Hart v. Terry L. Hopkins Inc., 588 A.2d 1187, 1190 (Me. 1991); Coon v. Grenier, 867 F.2d 73, 77 (1st Cir. 1989).[3]

In this case the evidence offered by plaintiff in opposition to defendants' Rule 60(b) motion indicates that it may be highly unlikely that defendants will ultimately prevail. However, the facts set forth in Poirier's affidavit would, if proven at trial, constitute a defense to some or all of plaintiff's claims. In particular, his affidavit offers facts that if proven at trial would lead to a conclusion that Mignosa bore some or all of the responsibility for the seemingly inordinate delays in completing the contract. Moreover, there appears to be a defense to Mignosa's claims under the Home Construction Contract Act because that statute is directed to contracting requirements and does not necessarily provide relief just because a home construction contract which meets the legal requirements of the statute is thereafter breached.

Because defendants are entitled to relief under Rule 60(b)(1), the court does not need to reach their arguments under Rules 60(b)(3) and 60(b)(6). Defendants shall file their answer to the complaint within 14 days, and the court would entertain a motion by plaintiff to shorten the discovery schedule if counsel for plaintiff believes a shorter schedule would be warranted.

The entry shall be:

Defendants' motion for relief from the judgment entered in this case on October 25, 2010 is granted and that judgment is vacated. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March 24, 2011

Thomas D. Warren
Justice, Superior Court

---

[3] Hart v. Terry L. Hopkins Inc. was decided under Rule 55(c) rather than Rule 60(b). However, the Hart decision has been cited by the Law Court in a decision interpreting Rule 60(b) as authority for the necessity to show a "meritorious defense". See Interstate Food Processing Corp. v. Pellerito Foods Inc., 622 A.2d 1189, 1193 (Me. 1993)

---

01 0000000185           BOWIE, JAMES M
     THREE CANAL PLAZA PO BOX 4630 PORTLAND ME 04112-4630
     F     JOEL POIRIER                              DEF        RTND    12/13/2010
     F     POIRIER CONSTRUCTION COMPANY INC          DEF        RTND    12/13/2010

02 0000002300           CAMPBELL, JOHN S
     75 MARKET STREET PO BOX 369 PORTLAND ME 04112-0369
     F     ANTHONY MIGNOSA                           PL