MARGARET HANDLIN )
)
     Plaintiff, )
)
     v. ) **ORDER ON PLAINTIFF'S MOTION FOR**
) **RELIEF FROM JUDGMENT**
BROADREACH PUBLIC )
RELATIONS, LLC, )
)
     Defendant. )
)

This matter is before the court on Plaintiff Margaret Handlin's Motion for Relief from Judgment, which seeks relief from the court's February 9, 2021 entry of summary judgment in favor of Defendant Broadreach Public Relations, LLC. Plaintiff requests relief pursuant to M. R. Civ. P. Rule 60(b)(1), and in the alternative, pursuant to M. R. Civ. P. Rule 60(b)(4).

M. R. Civ. P. Rule 60(b)(1) provides that the court may relieve a party from a final judgment upon the basis of "mistake, inadvertence, surprise or excusable neglect." To obtain relief, the moving party must show both (1) a reasonable excuse that meets the standard of "excusable neglect," and (2) a meritorious defense to the underlying action. *Butler v. D/Wave Seafood*, 2002 ME 41, ¶ 17, 791 A.2d 928, 932. The court does not find that Plaintiff's Attorney Jeffrey Bennett's failure to see or read the electronic filing from Defendant in his email inbox meets the strict standard of "excusable neglect," nor has the Plaintiff demonstrated a meritorious defense addressing the basis of the holding discussed in the court's order on the defendant's motion for summary judgment.

Plaintiff also asks the court to rescind the order on the ground that the Defendant's use of electronic service rendered the judgment void pursuant to M. R. Civ.

1

P. Rule 60(b)(4). The court finds that the Defendant's use of electronic service was appropriate pursuant to M.R. Civ. P. Rule 5, and declines to set aside the judgment for voidness. Plaintiff misquoted Rule 5 in her motion for relief from judgment by excluding a portion of the sentence referring to electronic service of voluminous summary judgment filings. Rule 5 provides that "any record in support of summary judgment in excess of 50 pages . . . [is] not required to be produced or transmitted in electronic format . . . ." M.R. Civ. P. 5(b)(2). Contrary to the Plaintiff's argument, this is a permissive rule. Moreover, Rule 5 further provides that "[e]lectronic service shall be complete when transmitted, shall be presumed to have been received by the intended recipient, and shall have the same legal effect as the service of an original paper document." *Id.*

The entry is:

Plaintiff's Motion for Relief from Judgment is denied.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 3/17/2021

MaryGay Kennedy, Justice
Maine Superior Court

Entered on the Docket: 3/17/2021

2

MARGARET HANDLIN )
          )
     Plaintiff, )
          )
     v. ) **ORDER ON DEFENDANT'S MOTION**
          ) **FOR SUMMARY JUDGMENT**
BROADREACH PUBLIC )
RELATIONS, LLC, )
          )
     Defendant. )
          )

Before the court is Defendant's unopposed motion for summary judgment. For the following reasons, the motion is granted.

## I. Summary Judgment Factual Record

Plaintiff Margaret Handlin commenced this action against Broadreach Public Relations, LLC, on February 21, 2020, alleging wrongful employment discrimination, retaliation and discharge in violation of the Whistleblower's Protection Act and the Maine Human Rights Act (Count I), and seeking damages for Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress (Counts II & III). (Pl.'s Compl. ¶¶ 20, 36, 48.) The following facts are taken from the Defendant's Statement of Material Facts and are deemed admitted because the court has not received any opposition to the motion from Plaintiff.[1]

Linda Varrell is the majority owner of Defendant Broadreach Public Relations, LLC ("Broadreach"), and employed by Broadreach as its president. (Supp'g S.M.F. ¶ 1.) Plaintiff Margaret Handlin worked as a client manager at Broadreach from March 2018 until January 2019, and one of the clients she worked with was the AC Hotel Portland

---

[1] "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.R. Civ. P. 56(h)(4).

Downtown ("AC Hotel"). (Supp'g S.M.F. ¶ 2.) On Saturday evening, November 10, 2018, Ms. Varrell and her husband and business partner Paul Cormier held a private party at the AC Hotel, which was unrelated to Ms. Varrell's and Mr. Cormier's work for Broadreach. (Supp'g S.M.F. ¶¶ 3, 5-6.) On December 3, 2018, Ms. Handlin reported to fellow Broadreach employee Paula Stanton about the substance of a conversation Ms. Handlin had with Heidi Hamblen, director of sales and marketing and the client contact at the AC Hotel, in which Ms. Hamblen allegedly criticized Ms. Varrell for her drunken conduct at the party and indicated that she did not want to work with Ms. Varrell. (Supp'g S.M.F. ¶¶ 13-14.) Ms. Handlin's report was conveyed to Ms. Varrell. (Supp'g S.M.F. ¶ 18.) On December 4, 2018, Ms. Varrell and Mr. Cormier went to the AC Hotel to meet with the general manager Jeff Lidinsky, who told Ms. Varrell that it was not true that the private party or her conduct at the party had any relevance to the business relationship between the AC Hotel and Broadreach. (Supp'g S.M.F. ¶ 19.) At a later meeting, Ms. Hamblen also confirmed that the party did not have any relevance to the business relationship between the two businesses. (Supp'g S.M.F. ¶ 20.)

Ms. Handlin alleges in her Complaint that after making the report about Ms. Varrell's behavior at the party, she was targeted for warnings, counseling, and discipline, culminating in her termination. (Supp'g S.M.F. ¶ 26.) Ms. Handlin alleges that Broadreach is liable for retaliation against her for making a whistleblower complaint, and for intentional and negligent infliction of emotional distress caused by the retaliation. (Supp'g S.M.F. ¶ 25.)

Broadreach moves for summary judgment on all counts contained in Plaintiff's Complaint, declaring that Ms. Handlin's report to Ms. Stanton did not constitute a protected report pursuant to 26 M.R.S. § 833(1)(A), and that Ms. Handlin is not entitled to the protections afforded whistleblowers.

2

## II. Standard of Review

A party is entitled to summary judgment when review of the parties' statements of material facts and the record to which the statements refer, demonstrates that there is no genuine issue as to any material fact in dispute, and that the moving party is entitled to judgment as a matter of law. *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821; M.R. Civ. P. 56(c). A contested fact is "material" if it could potentially affect the outcome of the case. *Id.* A "genuine issue" of material fact exists if the claimed fact would require a factfinder to "choose between competing versions of the truth." *Id.* (quoting *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 9, 878 A.2d 504). "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.R. Civ. P. 56(h)(4). In order to controvert an opposing party's factual statement, a party must "support each denial or qualification by a record citation." M.R. Civ. P. 56(h)(2).

When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.* A plaintiff opposing a summary judgment motion must establish a prima facie case for each element of each of his or her claims. *Tri-Town Marine, Inc. v. J.C. Milliken Agency, Inc.*, 2007 ME 67, ¶ 7, 924 A.2d 1066. The evidence offered in support of a genuine issue of material fact "need not be persuasive at that stage, but the evidence must be sufficient to allow a fact-finder to make a factual determination without speculating."[2] *Estate of Smith v. Cumberland Cty.*, 2013 ME 13, ¶ 19, 60 A.3d 759.

---

[2] Each party's statements must include a reference to the record where "facts as would be admissible in evidence" may be found. M.R. Civ. P. 56(e). A party's opposing statement of material facts "must explicitly admit, deny or qualify facts by reference to each numbered paragraph, and a denial or qualification must be supported by a record citation." *Stanley v. Hancock Cty. Comm'r*, 2004 ME 157, ¶ 13, 864 A.2d 169.

3

## III. Discussion

### a. *Count I: Whistleblower Protection*

Defendant argues that Plaintiff cannot establish the threshold issue that she made a protected report pursuant to 26 M.R.S. § 833(1)(A), and that she is therefore not a whistleblower and not entitled to special protections. (Def.s' Mot. Summ. J. 7.) Without the special protection afforded to whistleblowers, Plaintiff's claim must fail.

The Maine Human Rights Act "provides a right of action to persons who have been subject to unlawful discrimination, including whistleblowers who have suffered retaliatory discharge or other adverse employment actions." *Costain v. Sunbury Primary Care, P.A.,* 2008 ME 142, ¶ 6, 954 A.2d 1051. The Law Court has stated that "the relevant provisions of the Act require that the report must address violations, conditions, or practices that the employer has the ability and authority to correct, and those violations, conditions, or practices complained of must bear a direct relationship to the employee's current employer." *Hickson v. Vescom Corp.,* 2014 ME 27, ¶ 18, 87 A.3d 704. In other words, the reported conduct "must be connected to the employer in such a way that the employer could take corrective action to effectuate a relevant change." *Id.*

Plaintiff's report concerned conduct by a Broadreach employee that occurred during a private party while the employee was not engaged in work for Broadreach. (Def.s' Mot. Summ. J. 9.) While it is true that the party took place at a hotel that was also a client of Broadreach, the party was a private event with no other Broadreach employees, nor client contacts, in attendance. (Def.s' Mot. Summ. J. 10.) As Defendant asserts, the alleged legal violation is not "connected to [Broadreach] in such a way that [Broadreach] could take corrective action to effectuate a relevant change." *See Hickson v. Vescom Corp.,* 214 ME 27, ¶ 20. (Def.s' Mot. Summ. J. 10.)

4

Plaintiff has failed to demonstrate that her report to Ms. Stanton about Ms. Varrell's private conduct concerned behavior that was in any way associated with Broadreach's business relationship with AC Hotel. Because Ms. Handlin cannot show that she engaged in any activity protected by the Act, Defendant is entitled to judgment as a matter of law with respect to the portion of Count I of Plaintiff's Complaint that is brought pursuant to the Maine Human Rights Act based on an alleged violation of the Whistleblower Protection Act.

Summary judgment is also granted on the portion of Count I of Plaintiff's Complaint that alleges a violation of 26 M.R.S. § 570. That statute prohibits discrimination against an employee "because that employee has filed any complaint concerning an alleged occupational safety or health hazard or has testified or is about to testify in any proceeding relating to employee safety and health or because of the exercise of the employee on behalf of the employee or others of any right under this chapter." 26 M.R.S. § 570. By its plain terms, that law is not applicable to the facts of this case.

*b. Counts II & III: Emotional Distress Claims*

The Law Court has established that an employee cannot bring an emotional distress claim against her employer because the claim is barred by the Workers' Compensation Act, which bars "all common law claims that arise out of work-related injuries in the course of employment." *Gordon v. Cummings*, 2000 ME 68, ¶¶ 12-13, 756 A.2d 942 (holding that plaintiff could not bring IIED claim based upon workplace conduct because the claim is barred by the exclusivity and immunity provisions of the Workers' Compensation Act). *See also* 39-A M.R.S.A. § 104. Negligent infliction of emotional distress claims are likewise prohibited. *See Lewis v. Good Will Home Ass'n*, No. CV-04-56, 2007 Me. Super. LEXIS 240, at *18 (Nov. 28, 2007) (holding that to the extent that intentional and negligent infliction of emotional distress claims are premised on

5

workplace conduct, they are barred by the Worker's Compensation Act's exclusivity provision). Because the alleged wrongful conduct upon which Ms. Handlin's emotional distress claims are based are related to her employment, her intentional infliction of emotional distress and negligent infliction of emotional distress claims are barred, and Broadreach is entitled to summary judgment on Count II and Count III of Plaintiff's Complaint.

## IV. Conclusion

For the foregoing reasons, Defendant's motion for summary judgment is granted. The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _February 9, 2021_

_Mary Gay Kennedy, Justice_
Maine Superior Court

Entered on the Docket: 2/17/21

6